Jon S. Musial, (#012828)
**LAW OFFICE OF JON S. MUSIAL**
8230 East Gray Road
Scottsdale, Arizona 85260
Email:  Jon.Musial@azbar.org
Telephone:  (480) 951-0669
Facsimile:  (480) 922-0653
          Counsel for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>DESTINY ENTERPRISES, LLC,<br>          Debtor | Case No.  2:07-bk-00542<br>Chapter 11 Proceedings |
| DESTINY ENTERPRISES, LLC,<br>                    Plaintiff<br><br>v.<br><br>THE MARILYN TRUST, dated September 17, 2000, AND ITS BENEFICIARIES JOHN AND JANE DOES 1-10; ANTHONY CHIAPPETTA, FRANK CHIAPPETTA and JANE DOE CHIAPPETTA, husband and wife; ANTOINETTE CHIAPPETTA; CHIAPPETTA FAMILY TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 11-20;  BARBARA HEGGARTY; HEGGARTY & ASSOCIATES, LLC; TAWA HOLDINGS, LLC,: TAWA REALTY & INVESTMENT, INC.; LORI FURCINI; CHRIS STORMS AND JOHN DOE STORMS, husband and wife; ROBERT WOZNICKI and JANE DOE WOZNICKI, husband and wife; DON NACE and JANE DOE NACE, husband and wife, NACE FINANCIAL, EL-WIN INVESTMENTS III, LLC; GOLD MOUNTAIN PRESERVE LLC, BENEFIT PLAN; MARC and LAUREN BURKE and INVESTMENTSWEST, | **Adv. No.**  2:09-ap-00160-SSC<br><br>**COMPLAINT FOR TO AVOID AND RECOVER AVOIDABLE PRE-PETITION TRANSFERS AND OTHER RELIEF** |

INC.; DICK ROSSMILLER and JANE
DOE ROSSMILLER; JEFFREY M.
PROPER and JANE DOE PROPER,
husband and wife; GREENBURG
TRAURIG, LLP; and WC LIVING
TRUST AND ITS BENEFICIARIES
JOHN AND JANE DOES 21-30,

Defendants

DESTINY ENTERPRISES, LLC, the above-named Debtor and Debtor in Possession herein ("Destiny" or "Debtor"), by and through counsel, as and for its complaint against THE MARILYN TRUST, dated September 17, 2000, AND ITS BENEFICIARIES JOHN AND JANE DOES 1-10; ANTHONY CHIAPPETTA, FRANK CHIAPPETTA and JANE DOE CHIAPPETTA, husband and wife; ANTOINETTE CHIAPPETTA; CHIAPPETTA FAMILY TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 11-20; BARBARA HEGGARTY; HEGGARTY & ASSOCIATES, LLC; TAWA HOLDINGS, LLC,; TAWA REALTY & INVESTMENT, INC.; LORI FURCINI; CHRIS STORMS AND JOHN DOE STORMS, husband and wife; ROBERT WOZNICKI and JANE DOE WOZNICKI, husband and wife; DON NACE and JANE DOE NACE, husband and wife, NACE FINANCIAL, EL-WIN INVESTMENTS III, LLC; GOLD MOUNTAIN PRESERVE LLC, BENEFIT PLAN; MARC and LAUREN BURKE and INVESTMENTSWEST, INC.; DICK ROSSMILLER and JANE DOE ROSSMILLER; JEFFREY M. PROPER and JANE DOE PROPER, husband and wife; GREENBURG TRAURIG, LLP; and WC LIVING TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 21-30, hereby states and alleges as follows[1]:

## I.    Jurisdiction and Venue.

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§502, 544, 546, 548 and 550, and Bankruptcy Rules 3007 and 7001.

---

[1] The causes of action alleged herein are not intended to be all inclusive, nor include all possible claims against the defendants including claims involving post-petition events, but rather are intended to cover possible avoidance actions within the meaning of 11 U.S.C. §546(a).

This proceeding arises in and is related to the proceedings commenced by the Debtors under Chapter 11 of the United States Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On February 12, 2007 (the "Petition Date"), Destiny filed for Chapter 11 relief in the United States Bankruptcy Court for the District of Arizona (Phoenix, Division).

3. Destiny was a Debtor-in-Possession statutorily authorized and directed to continue the operation of its respective business and affairs pursuant to 11 U.S.C. §§1107 and 1108 and is a reorganized Debtor under the terms of its confirmed plan of reorganization.

4. At all times material hereto, Defendants were either residents of the State of Arizona , business entities authorized to and doing business in the State of Arizona, or had sufficient contacts with the Debtor and the State of Arizona to subject them to personal jurisdiction within the State of Arizona.

5. JANE DOE CHIAPPETTA is the spouse of FRANK CHIAPPETTA, if any, and this Complaint will be amended once her correct name becomes known.

6. JOHN DOE STORMS is the spouse of CHRIS STORMS, if any, and this Complaint will be amended once his correct name becomes known.

7. JANE DOE WOZNICKI is the spouse of ROBERT WOZNICKI, if any, and this Complaint will be amended once her correct name becomes known.

8. JANE DOE NACE is the spouse of DON NACE, if any, and this Complaint will be amended once her correct name becomes known.

9. JANE DOE ROSSMILLER is the spouse of DICK ROSSMILLER, if any, and this Complaint will be amended once her correct name becomes known.

10. JANE DOE PROPER is the spouse of JEFFREY M. PROPER, if any, and this Complaint will be amended once her correct name becomes known.

11. JOHN AND JANE DOES 1-10 are the beneficiaries of THE MARILYN TRUST, dated September 17, 2000 (to the extent different from Anthony Chiappetta), if any, and this Complaint will be amended once their correct names become known.

12. JOHN AND JANE DOES 11-20 are the beneficiaries of the CHIAPPETTA FAMILY TRUST (to the extent different from ANTHONY CHIAPPETTA and/or FRANK CHIAPPETTA), if any, and this Complaint will be amended once their correct names become known.

13. JOHN AND JANE DOES 21-30 ARE THE BENEFICIARIES OF THE WC LIVING TRUST (TO THE EXTENT DIFFERENT FROM ANTHONY CHIAPPETTA), if any, and this Complaint will be amended once their correct names become known.

14. At all times material hereto, Defendants identified as husband and wife were husband and wife acting both individually and for and on behalf of their marital communities, if any, with authority to so act.

## II.    <u>First Cause of Action – Preference and Transfer Liability (11 U.S.C. §§547 and 550).</u>

15. Destiny re-avers and incorporates by reference each and every averment contained in Paragraphs 1 through 14 of this Complaint, as though fully set forth herein.

16. According to the Debtor's books and records, within ninety (90) days of the Petition Date (i.e., from the period November 14, 2006 to the Petition Date, inclusive), Defendants received certain transfers from the Debtor (or were the immediate or mediate transferees of the initial transferee of the Debtor) by checks, cash, wire transfers and/or property including, but not limited to, the following:

| Defendant/Transferee: | Date of Transfer: | Amount/Value of Transfer(s) currently known: |
|---|---|---|
| ANTHONY CHIAPPETTA | 11/14/06 | 1,500.00 |

| | | |
|---|---|---|
| | 12/01/06 | 10,500.00 |
| | 12/01/06 | 10,000.00 |
| | 12/26/06 | 400.00 |
| TOTAL | | $22,400.00 |
| | | |
| BARBARA HEGGARTY, HEGGARTY AND ASSOCIATES, LLC | 12/15/06 | 2,000.00 |
| | | |
| THE MARILYN TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 1-10, AND/OR ANTHONY CHIAPPETTA AND/OR FRANK CHIAPPETTA and JANE DOE CHIAPPETTA, husband and wife; DOM AND MARIE CHIAPPETTA, husband and wife; AND/OR ANTOINETTE CHIAPPETTA; AND/OR CHIAPPETTA FAMILY TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 11-20; AND/OR TAWA HOLDINGS, LLC,: AND/OR TAWA REALTY & INVESTMENT, INC.; AND/OR WC LIVING TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 21-30 | 11/14/06 | 1,500.00 |
| | 11/30/06 | 3,467.02 |
| | 12/01/06 | 10,500.00 |
| | 12/01/06 | 10,000.00 |
| | 12/12/06 | 1,200.00 |
| | 12/12/06 | 8,000.00 |
| | 12/15/06 | 500.00 |
| | 12/18/06 | 500.00 |
| | 12/18/06 | 2,000.00 |

| | | |
|---|---|---|
| | 12/23/06 | 62,500.00 |
| | 12/26/06 | 400.00 |
| | 12/29/06 | 50,000.00 |
| | 12/29/06 | 4,057.52 |
| TOTAL | | $154,624.54 |
| | | |
| DON NACE and JANE DOE NACE, husband and wife, AND/OR NACE FINANCIAL, AND/OR EL-WIN INVESTMENTS III, LLC; AND/OR GOLD MOUNTAIN PRESERVE LLC, BENEFIT PLAN; AND/OR MARC and LAUREN BURKE AND/OR INVESTMENTSWEST, INC., AND/OR DICK ROSSMILLER and JANE DOE ROSSMILLER | 12/18/06 | 10,000.00 |
| | 12/23/06 | 62,500.00 |
| | 12/29/06 | 50,000.00 |
| TOTAL | | $122,500.00 |
| | | |
| GREENBERG TRAURIG, LLP | 12/12/06 | 10,000.00 |
| | | |
| LORI FURCINI | 11/12/06 | 2,000.00 |

The foregoing are individually referred to as a "Transfer" and collectively referred to as "Transfers."

17. Upon information and belief, one or more Defendants received within ninety days of the Petition Date other transfers of the Debtor's property (or the benefit of such transfers) in addition to the amounts and/or to the specific accounts set forth above. Plaintiff will amend the complaint to more specifically identify such additional

transfers upon discovery and identification of the exact amounts and/or accounts relating to such transfers.

18. Each of the Transfers was made with property of the Debtor.

19. Upon information and belief, each of the Transfers was for or on account of an antecedent debt.

20. Each of the Transfers was made while the Plaintiff was presumed insolvent.

21. Each of the Transfers was made on or within ninety (90) days before the Petition Date.

22. Upon information and belief, each Transfer allowed the respective Defendant to receive more than such Defendant would receive if (i) the above captioned bankruptcy case was under Chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) the Defendant had received payment of its debt to the extent provided under the Bankruptcy Code.

WHEREFORE, Plaintiff prays:

A. That each Defendant who was either (i) an initial transferee of the transfers or (ii) an immediate or mediate transferee of such initial transferee, be compelled to pay Plaintiff the sum of the respective Transfer to such Defendant, plus the legal rate of interest from the Petition Date, and costs; and

B. That the Court grant such other and further relief as it deems appropriate.

## III. <u>Second Cause of Action – Preference and Transfer Liability (Insiders) (11 U.S.C. §§547 and 550).</u>

23. The Debtor re-avers and incorporates by reference each and every averment contained in Paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. Defendants, THE MARILYN TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 1-10, ANTHONY CHIAPPETTA, FRANK CHIAPPETTA and JANE DOE CHIAPPETTA, husband and wife; ANTOINETTE CHIAPPETTA; CHIAPPETTA FAMILY TRUST and ITS BENEFICIARIES JOHN AND JANE DOES 11-20, TAWA HOLDINGS, LLC, TAWA REALTY & INVESTMENT, INC., WC LIVING TRUST and ITS BENEFICIARIES JOHN AND JANE DOES 21-30, LORI FURCINI, CHRIS STORMS, ROBERT WOZNICKI and DON NACE and JANE DOE NACE, husband and wife, AND/OR NACE FINANCIAL, AND/OR EL-WIN INVESTMENTS III, LLC., AND/OR GOLD MOUNTAIN PRESERVE LLC, BENEFIT PLAN, AND/OR MARC and LAUREN BURKE AND/OR INVESTMENTSWEST, INC., AND/OR DICK ROSSMILLER and JANE DOE ROSSMILLER, were and are insiders within the meaning of 11 U.S.C. §101(31), and are hereinafter referred to as the "Insider Defendants").  Each of the above identified individuals are either related to an officer and/or director of the Debtor, or were otherwise were in a control position with/for the Debtor.

25. According to the Debtor's books and records, within one year of the Petition Date (i.e., from the period February 12. 2006 to the Petition Date, inclusive), the Insider Defendants received certain transfers from the Debtor (or were the immediate or mediate transferees of the initial transferee of the Debtor) through checks, cash, wire transfers and/or property, including, but not limited to the following:

| Defendant/Transferee: | Date of Transfer: | Value/Amount of Transfer(s) currently known: |
|---|---|---|
| ANTHONY CHIAPPETTA | 03/22/06 | 499,177.76 |
| | 04/13/06 | 80,000.00 |
| | 06/02/06 | $400.00 |

|  |  |  |
|---|---|---|
|  | 06/12/06 | $400.00 |
|  | 06/15/06 | $500.00 |
|  | 06/19/09 | 11,000.00 |
|  | 6/26/06 | 1,000.00 |
|  | 06/28/06 | 1,000.00 |
|  | 08/29/06 | 100.00 |
|  | 09/22/06 | 35,000.00 |
|  | 11/08/06 | 30,000.00 |
|  | 11/14/06 | 1,500.00 |
|  | 12/01/06 | 10,500.00 |
|  | 12/01/06 | 10,000.00 |
|  | 12/12/06 | 10,000.00 |
|  | 12/26/06 | 400.00 |
| TOTAL |  | $690,977.76 |
|  |  |  |
| FRANK CHIAPPETTA and JANE DOE CHIAPPETTA, husband and wife | 04/14/06 | 2,000.00 |
| TOTAL |  | 2,000.00 |
|  |  |  |
| BARBARA HEGGARTY AND/OR HEGGARTY AND ASSOCIATES, LLC | 04/28/06 | 5,000.00 |
|  | 05/25/06 | 2,000.00 |
|  | 06/18/06 | 5,000.00 |
|  | 09/21/06 | 40,000.00 |
|  | 10/26/06 | 12,000.00 |

| | 12/15/06 | 2,000.00 |
|---|---|---|
| **TOTAL** | | 66,000.00 |
| | | |
| TAWA REALTY & INVESTMENT, INC. AND/OR TAWA HOLDINGS, LLC AND/OR THE MARILYN TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 1-10, AND/OR ANTHONY CHIAPPETTA AND/OR FRANK CHIAPPETTA and JANE DOE CHIAPPETTA, husband and wife; AND/OR CHIAPPETTA FAMILY TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 11-20; AND/OR WC LIVING TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 21-30 | 04/28/06 | 5,000.00 |
| | 05/03/06 | 2,000.00 |
| | 06/07/06 | 2,100.00 |
| | 09/21/06 | 5,000.00 |
| | 09/23/06 | 71,000.00 |
| | 10/03/06 | 2,367.60 |
| | 11/03/06 | 2,200.00 |
| | 06/04/03 | 18,736.20 |
| | 06/04/03 | 3,263.88 |
| **TOTAL** | | $111,667.68 |
| | | |
| LORI FURCINI | 04/28/06 | 6,000.00 |
| | 05/16/06 | 2,000.00 |
| | 06/12/06 | 2,500.00 |
| | 06/26/06 | 1,000.00 |

|  | 11/11/06 | 2,000.00 |
|---|---|---|
| TOTAL | | 13,500.00 |
|  | | |
| THE MARILYN TRUST, DATED SEPTEMBER 17, 2000 (AND ENTITIES IT OWNED AND/OR CONTROLLED) AND ITS BENEFICIARIES JOHN AND JANE DOES 1-10, AND/OR ANTHONY CHIAPPETTA; AND/OR ANTOINETTE CHIAPPETTA; AND/OR CHIAPPETTA FAMILY TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 11-20; AND/OR WC LIVING TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 21-30 | 03/22/06 | 499,177.76 |
|  | 04/13/06 | 80,000.00 |
|  | 04/13/06 | 99,350.00 |
|  | 04/14/06 | 2,000.00 |
|  | 04/19/06 | 7,000.00 |
|  | 04/24/06 | 1,000.00 |
|  | 04/28/06 | 1,000.00 |
|  | 04/28/06 | 1,000.00 |
|  | 04/28/06 | 6,000.00 |
|  | 04/29/06 | 3,500.00 |
|  | 05/01/06 | 100.00 |
|  | 05/01/06 | 1,000.00 |
|  | 05/01/06 | 60,000.00 |
|  | 05/03/06 | 543.99 |
|  | 05/04/06 | 2,500.00 |

| | | |
|---|---|---|
| | 05/08/06 | 95.06 |
| | 05/09/06 | 467.64 |
| | 05/10/06 | 233.00 |
| | 05/11/06 | 543.99 |
| | 05/11/06 | 95.33 |
| | 05/12/06 | 200.00 |
| | 05/12/06 | 101.31 |
| | 05/15/06 | 53.00 |
| | 05/16/06 | 2,000.00 |
| | 05/17/06 | 543.99 |
| | 05/18/06 | 1,000.00 |
| | 05/18/06 | 2,500.00 |
| | 05/19/06 | 175.52 |
| | 05/19/06 | 7.95 |
| | 05/22/06 | 575.37 |
| | 05/22/06 | 168.58 |
| | 05/22/06 | 142.34 |
| | 05/22/06 | 123.34 |
| | 05/22/06 | 109.90 |
| | 05/22/06 | 80.59 |
| | 05/22/06 | 52.51 |
| | 05/22/06 | 49.88 |
| | 05/22/06 | 45.19 |
| | 05/25/06 | 410.07 |

| | | |
|---|---|---|
| | 05/30/06 | 1,639.69 |
| | 05/30/06 | 1,666.00 |
| | 06/01/06 | 325,000.00 |
| | 06/01/06 | 35,000.00 |
| | 06/02/06 | 400.00 |
| | 06/06/06 | 2,666.00 |
| | 06/07/06 | 2,100.00 |
| | 06/12/06 | 400.00 |
| | 06/15/06 | 500.00 |
| | 06/19/06 | 11,000.00 |
| | 06/24/06 | 900.00 |
| | 06/26/06 | 1,000.00 |
| | 06/26/06 | 1,000.00 |
| | 06/28/06 | 2,744.89 |
| | 06/28/06 | 1,000.00 |
| | 07/28/06 | 336.45 |
| | 07/31/06 | 968.02 |
| | 08/29/06 | 100.00 |
| | 08/31/06 | 1,048.11 |
| | 09/04/06 | 6,700.00 |
| | 09/21/06 | 3,216.78 |
| | 09/21/06 | 25,000.00 |
| | 09/22/06 | 35,000.00 |
| | 09/25/06 | 55,000.00 |

| | | |
|---|---|---|
| | 09/27/06 | 5,000.00 |
| | 10/10/06 | 2,951.33 |
| | 10/14/06 | 2,500.00 |
| | 10/25/06 | 300.00 |
| | 11/01/06 | 5,000.00 |
| | 11/02/06 | 200.00 |
| | 11/02/06 | 200,000.00 |
| | 11/08/06 | 30,000.00 |
| | 11/14/06 | 1,500.00 |
| | 11/30/06 | 3,467.02 |
| | 12/01/06 | 10,500.00 |
| | 12/01/06 | 10,000.00 |
| | 12/12/06 | 1,200.00 |
| | 12/12/06 | 8,000.00 |
| | 12/15/06 | 500.00 |
| | 12/18/06 | 500.00 |
| | 12/18/06 | 2,000.00 |
| | 12/23/06 | 62,500.00 |
| | 12/26/06 | 400.00 |
| | 12/29/06 | 50,000.00 |
| | 12/29/06 | 4,057.52 |
| TOTAL | | $2,879,961.57 |
| | | |
| CHRIS STORMS | 04/13/06 | 99,350.00 |

| | | |
|---|---|---|
| | 04/14/06 | 17,270.00 |
| | 05/01/06 | 60,000.00 |
| | 07/22/06 | 4,000.00 |
| | 09/21/06 | 10,000.00 |
| TOTAL | | $190,620.00 |
| | | |
| ROBERT WOZNICKI | 06/07/06 | 2,100.00 |
| TOTAL | | $2,100.00 |
| | | |
| DON NACE and JANE DOE NACE, husband and wife, NACE FINANCIAL, AND/OR EL-WIN INVESTMENTS III, LLC; AND/OR GOLD MOUNTAIN PRESERVE LLC, BENEFIT PLAN; AND/OR MARC and LAUREN BURKE AND/OR INVESTMENTSWEST, INC., AND/OR DICK ROSSMILLER and JANE DOE ROSSMILLER | 05/27/04 | 125,000.00 |
| | 05/27/04 | 15,000.00 |
| | 05/27/04 | 82,424.70 |
| | 05/27/04 | 14,422.20 |
| | 05/27/04 | 23,806.86 |
| | 05/04/05 | 70,000.00 |
| | 05/09/05 | 130,000.00 |
| | 05/16/05 | 50,000.00 |
| | 08/19/05 | 30,000.00 |
| | 08/19/05 | 39,869.96 |
| | 12/01/05 | 25,000.00 |

|  | 12/19/05 | 26,750.00 |
|---|---|---|
|  | 01/05/06 | 53,000.00 |
|  | 01/28/06 | 30,000.00 |
|  | 01/28/06 | 30,000.00 |
|  | 02/09/06 | 50,827.09 |
|  | 02/09/06 | 9,087.63 |
|  | 04/19/06 | 7,000.00 |
|  | 06/01/06 | 325,000.00 |
|  | 06/01/06 | 35,000.00 |
|  | 09/04/06 | 7,000.00 |
|  | 11/02/06 | 200,000.00 |
|  | 11/07/06 | 30,000.00 |
|  | 12/18/06 | 10,000.00 |
|  | 12/23/06 | 62,500.00 |
|  | 12/29/06 | 50,000.00 |
| TOTAL |  | $1,531,688.44 |

Individually referred to as an "Insider Transfer" and collectively referred to as "Insider Transfers."

26. Upon information and belief, one or more of the Insider Defendants received within one year of the Petition Date other transfers of the Debtor's property (or the benefit of such transfers) in addition to the amounts set forth above and/or in Paragraph 25, including transfers in repayment of loans and/or credit cards in the repayment of the insiders' liability on such indebtedness. Plaintiff will amend the complaint to include

such additional transfers upon discovery and identification of the exact amounts of such transfers.

27. Each of the Insider Transfers was made with property of the Debtor.

28. Upon information and belief, each of the Insider Transfers was for or on account of an antecedent debt.

29. Each of the Insider Transfers was made while the Plaintiff was presumed insolvent.

30. Each of the Insider Transfers was made on or within one year before the Petition Date.

31. Upon information and belief, each Insider Transfer allowed the respective Insider Defendant to receive more than such Insider Defendant would receive if (i) the above captioned bankruptcy case was under Chapter 7 of the Bankruptcy Code, (ii) the Insider Transfer had not been made, and (iii) the Insider Defendant had received payment of its debt to the extent provided under the Bankruptcy Code.

WHEREFORE, Plaintiff prays:

A.     That each Insider Defendant who was either (i) an initial transferee of the transfers or (ii) an immediate or mediate transferee of such initial transferee, be compelled to pay Plaintiff the sum of the respective Insider Transfer to such Insider Defendant, plus the legal rate of interest from the Petition Date, and costs; and

B.     That the Court grant such other and further relief as it deems appropriate.


IV.     **Third Cause of Action – Fraudulent Conveyance and Transfer Liability (11 U.S.C. §§544, 548 and 550).**

32. The Debtor re-avers and incorporates by reference each and every averment contained in Paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

33. On information and belief, Debtor made the cash payments and other property transfers identified as the Insider Transfers in Paragraphs 16, 17, 25 and 26 (collectively the "One Year Transfers") to or for the benefit of the Insider Defendants within one year prior to the filing of the Debtor's bankruptcy.

34. On information and belief, Debtor made additional similar transfers to the Insider Defendants within the four years prior to the filing of the Debtor's bankruptcy in satisfaction of obligations which were not the obligations of the Debtor. Rather, the obligations were the individual obligations of one or more of the Insider Defendants or to other third parties liable to such Insider Defendants.

35. Upon information and belief, the Debtor made additional property transfers consisting of, *inter alia*, cash, checks, wire transfers, artwork, office goods, vehicles, and other goods and services to the Insider Defendants (together with the One Year Transfers, collectively referred to as the "Four Year Transfers"), including but not limited to the following:

| **Defendant/Transferee:** | **Date of Transfer:** | **Value/Amount of Transfer(s) currently known:** |
|---|---|---|
| TAWA REALTY & INVESTMENT, INC. AND/OR TAWA HOLDINGS, LLC AND/OR THE MARILYN TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 1-10, AND/OR ANTHONY CHIAPPETTA AND/OR FRANK CHIAPPETTA and JANE DOE CHIAPPETTA, husband and wife; AND/OR CHIAPPETTA FAMILY TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 11-20; AND/OR WC LIVING TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 21-30 | 06/04/03 | 18,736.20 |
| | 06/04/03 | 3,263.88 |
| TOTAL | | $22,000.08 |

| | | |
|---|---|---|
| THE MARILYN TRUST, DATED SEPTEMBER 17, 2000 (AND ENTITIES IT OWNED AND/OR CONTROLLED) AND ITS BENEFICIARIES JOHN AND JANE DOES 1-10, AND/OR ANTHONY CHIAPPETTA; AND/OR ANTOINETTE CHIAPPETTA; AND/OR CHIAPPETTA FAMILY TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 11-20; AND/OR WC LIVING TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 21-30; AND/OR FRANK CHIAPPETTA and JANE DOE CHIAPPETTA, husband and wife; AND/OR CHIAPPETTA FAMILY TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 11-20 | 06/04/03 | 30,000.00 |
| | 06/04/03 | 10,000.00 |
| | 06/04/03 | 34,500.00 |
| | 05/27/04 | 15,000.00 |
| | 09/28/04 | 48,423.45 |
| | 03/21/05 | 427,300.00 |
| | 03/30/05 | 141,080.00 |
| | 05/04/05 | 70,000.00 |
| | 05/09/05 | 130,000.00 |
| | 05/16/05 | 50,000.00 |
| | 08/19/05 | 30,000.00 |
| | 12/01/05 | 25,000.00 |
| | 12/19/05 | 26,750.00 |
| | 01/05/06 | 53,000.00 |
| | 01/06/06 | 40,000.00 |

| | | |
|---|---|---|
| | 01/28/06 | 30,000.00 |
| | 01/28/06 | 30,000.00 |
| | 05/05/06 | 95.40 |
| | 05/08/06 | 543.99 |
| | 05/08/06 | 420.95 |
| | 05/08/06 | 140.00 |
| | 05/11/06 | 42.11 |
| | 05/15/06 | 61.00 |
| | 05/15/06 | 345.57 |
| | 05/19/06 | 71.00 |
| | 05/22/06 | 161.78 |
| | 05/24/06 | 5,839.00 |
| | 05/25/06 | 6,615.72 |
| | 06/20/06 | 1,251.77 |
| | 06/28/06 | 1,077.50 |
| | 08/09/06 | 407.00 |
| | 09/25/06 | 8,065.00 |
| | 09/27/06 | 8,095.00 |
| | 09/28/06 | 406.00 |
| | 10/03/06 | 1,505.59 |
| | 11/14/06 | 134.00 |
| | 12/12/06 | 2,407.06 |
| TOTAL | | $1,228,738.89 |
| | | |

| | | |
|---|---|---|
| DON NACE and JANE DOE NACE, husband and wife, NACE FINANCIAL, AND/OR EL-WIN INVESTMENTS III, LLC; AND/OR GOLD MOUNTAIN PRESERVE LLC, BENEFIT PLAN; AND/OR MARC and LAUREN BURKE AND/OR INVESTMENTSWEST, INC., AND/OR DICK ROSSMILLER and JANE DOE ROSSMILLER | 05/27/04 | 125,000.00 |
| | 05/27/04 | 15,000.00 |
| | 05/27/04 | 82,424.70 |
| | 05/27/04 | 14,422.20 |
| | 05/27/04 | 23,806.86 |
| | 05/04/05 | 70,000.00 |
| | 05/09/05 | 130,000.00 |
| | 05/16/05 | 50,000.00 |
| | 08/19/05 | 30,000.00 |
| | 08/19/05 | 39,869.96 |
| | 12/01/05 | 25,000.00 |
| | 12/19/05 | 26,750.00 |
| | 01/05/06 | 53,000.00 |
| | 01/28/06 | 30,000.00 |
| | 01/28/06 | 30,000.00 |
| | 02/09/06 | 50,827.09 |
| | 02/09/06 | 9,087.63 |
| TOTAL | | $805,188.44 |
| | | |

Under 11 U.S.C. §544 and the trust fund doctrine, the Debtor is entitled to avoid the One Year Transfers and the Four Year Transfers to or on account of THE MARILYN TRUST, DATED SEPTEMBER 17, 2000 (AND ENTITIES IT OWNED AND/OR CONTROLLED) AND ITS BENEFICIARIES JOHN AND JANE DOES 1-10, AND/OR ANTHONY CHIAPPETTA; AND/OR CHIAPPETTA FAMILY TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 11-20; AND/OR WC LIVING TRUST AND ITS BENEFICIARIES JOHN AND JANE DOES 21-30.

36. The One Year Transfers are voidable by the Debtor pursuant to 11 U.S.C. §548(a)(2) because the One Year Transfers of the Debtor's interest in the property to the Insider Defendants were made within one year before the date of filing the petition and Debtor:  (a) received less than a reasonably equivalent value in exchange for such transfers, and (b) was insolvent on the date such transfers were made or became insolvent as a result of such transfers.

37. The Four Year Transfers are voidable by the Debtor pursuant to 11 U.S.C. §544(b) and A.R.S. §§13-2206 and 44-1001, et seq., and 44-1211 because the debtor received less than a reasonably equivalent value in exchange for such Four Year Transfers or obligations and the Debtor was insolvent on the date that such Four Year Transfers were made or obligations incurred, or became insolvent as a result of such Four Year Transfers.

38. In the alternative, the Four Year Transfers are voidable by the Debtor pursuant to 11 U.S.C. §544(b) and A.R.S. §§13-2206 and 44-1001, et seq., and 44-1211 because the debtor received less than a reasonably equivalent value in exchange for such Four Year Transfers or obligations and immediately after the transactions, the Debtor was left with an unreasonably small amount of remaining capital for carrying on the Debtor's business, considering the risks of that business.

39. In the alternative, the Four Year Transfers are voidable by the Debtor pursuant to 11 U.S.C. §544(b) and A.R.S. §§13-2206 and 44-1001, et seq., and 44-1211 because the

debtor received less than a reasonably equivalent value in exchange for such Four Year Transfers or obligations and the Debtor intended or believed (or knew or should have known) that the Debtor would incur debts beyond the Debtor's ability to pay as they became due.

WHEREFORE, the Debtor respectfully requests that this Court:

A. Set aside the One Year Transfers and the Four Year Transfers by the Debtor of the Debtor's interest in the above described property to the Insider Defendants;

B. To the extent necessary, set aside the improper "transfers" taken by Anthony Chiappetta and/or the Marilyn Trust and/or its beneficiaries separately as a breach of the trust fund doctrine;

C. Order that the Insider Defendants who were either (i) an initial transferee of the One Year Transfers or the Four Year Transfers or (ii) an immediate or mediate transferee of such initial transferee, return the property and/or the value thereof to the Debtor for liquidation and distribution to creditors of the estate; plus the legal rate of interest from the Petition Date, and costs; and

C. Grant plaintiff such other and further relief to which the Debtor may be justly entitled.

DATED this 12th day of February, 2009.

LAW OFFICE OF JON S. MUSIAL

*/s/ Jon S. Musial*

/s/ Jon S. Musial
8230 East Gray Road
Scottsdale, Arizona 85260
Counsel for Debtor